UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-CR-20050-GAYLES

UNITED STATES OF AMERICA

v.

**DARREL PRENELL GIBBS**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendant Darrel Prenell Gibbs's *pro se* Motion for Modification or Reduction of Term of Imprisonment or Request that the Court Order the Federal Bureau of Prisons to do so Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") [ECF No. 528].[1] The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, Defendant's Motion is denied.

## BACKGROUND

Defendant is a 55-year-old incarcerated at the United States Medical Center for Federal Prisoners in Springfield, Missouri with an anticipated release date of August 18, 2024. On September 13, 2016, the Court sentenced Defendant to a term of imprisonment of 120 months for conspiracy to possess with intent to distribute one hundred grams or more of heroin, in violation of 21 U.S.C. § 841(b)(1)(A)(i) and § 846. [ECF No. 229]. On September 22, 2016, Defendant appealed the sentence imposed by the Court to the Eleventh Circuit Court of Appeals. [ECF No.

---

[1] The Court liberally construes the Motion as a compassionate release request because Defendant proceeds *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

1

230]. On June 16, 2017, the Eleventh Circuit affirmed the Defendant's sentence. *See United States v. Gibbs*, 696 F. App'x 962 (11th Cir. 2017). On April 23, 2020, the Warden denied Defendant's request for a reduction in sentence because Defendant did not meet the necessary medical conditions. [ECF No. 528-1] ("Exhibit A").

Defendant now asks the Court to reduce his sentence pursuant to 18 U.S.C. § 3528(c). Defendant argues that his pre-existing conditions "squarely place [him] into harms way due to [his] susceptibility to contracting COVID-19" and that his "increased susceptibility . . . creates an extraordinary and compelling circumstance" for granting the Motion. [ECF No. 528 at 4]. Defendant's medical conditions include lupus, asthma, end stage renal failure, heart murmur, confinement to a wheelchair, and pneumonia. *Id.* at 2.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018).

Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motion should be denied because (1) Defendant fails to allege extraordinary and compelling reasons for his release and (2) Defendant poses a danger to the safety of the community. As an initial matter, the parties do not dispute that Defendant properly exhausted his administrative remedies prior to filing this Motion. *Compare* [ECF No. 528 at 2], *and* [ECF No. 540 at 7] (Warden's denial on April 23, 2020), *with* [ECF No. 528] (Motion filed on May 26, 2020). While the Court finds that Defendant properly exhausted his administrative remedies, his Motion fails on the merits because he fails to show that he is not a danger to the safety of other persons or the community.

In determining whether Defendant is a danger to the community, the Court must consider: (1) "the nature and circumstances of the offense charged;" (2) "the weight of the evidence against" Defendant; (3) "the history and characteristics of" Defendant; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by [Defendant's] release." *See* 18 U.S.C. § 3142(g). Notably here, Defendant relies solely on his medical conditions and makes

3

no mention of whether his release would be a danger to others. As the Government aptly notes, Defendant's criminal history includes felony convictions for sexual battery, trafficking in cocaine, and conspiracy to possess with intent to distribute cocaine and cocaine base. For that latter federal drug conviction, the Presentence Investigation Report notes that Defendant was not compliant with the terms of his supervised release and did not adjust well to supervision. [ECF No. 227 ¶¶ 120, 142–43]. Based on Defendant's criminal history and his previous failure to comply with the terms of his supervised release, the Court finds that Defendant remains a danger to the community such that release is not warranted.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant Darrel Prenell Gibbs's *pro se* Motion for Modification or Reduction of Term of Imprisonment or Request that the Court Order the Federal Bureau of Prisons to do so Pursuant to 18 U.S.C. § 3582(c)(1)(A), [ECF No. 528], is **DENIED**.

2. Defendant Darrel Prenell Gibbs's *pro se* Motion for legal representation to further litigation compassionate release Pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act and CARES Act, [ECF No. 552], is **DENIED**.

3. Defendant Darrel Prenell Gibbs's *pro se* Motion for Emergency Compassionate Release Due to COVID-19 Outbreak, [ECF No. 553], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of January, 2021.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE